UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL McLAUGHLIN and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:12-CV-4925-G |
| MONARCH DENTAL CORPORATION, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Monarch Dental Corporation, Smile Brands Southwest, Inc., and Modern Dental Professionals-Dallas/Ft. Worth, P.C. (docket entry 32). For the reasons stated below, the motion is granted.

### I. BACKGROUND

This is a dispute over alleged violations of the Fair Labor Standards Act ("FLSA") and Texas Labor Code Chapter 61 for failure to pay wages. *See* Plaintiff's First Amended Complaint ("Complaint") (docket entry 25). The plaintiff Carol McLaughlin ("McLaughlin") worked as a dental hygienist for the defendants Monarch Dental Corporation, Smile Brands Southwest, Inc., and Modern Dental

Professionals-Dallas/Ft. Worth, P.C. (collectively, "Monarch") at multiple locations throughout the Dallas/Ft. Worth area. *Id*. ¶¶ 26-27. McLaughlin contends that she worked between eight to ten hours and sometimes longer each workday, resulting in overtime hours in excess of 40 hours per week. *Id*. ¶¶ 30, 32-33.

Monarch maintains that it kept "accurate records" of McLaughlin's time and paid her for each hour that she worked. Brief in Support of Defendants' Motion for Summary Judgment ("Motion") at 1 (docket entry 33). Monarch utilizes an electronic time-keeping system for its non-exempt employees to track and report their time and pays an employee based on the numbers of hours the employee reports within that system. *Id*. at 3. Under the Monarch handbook, an employee must clock in at the beginning of each shift and at meal breaks. *Id*. However, a Monarch manager has the authority to adjust time records to ensure accuracy (*e.g.*, an employee fails to clock in after she arrives for a shift). *Id*.

Monarch pays dental hygienists one and half times their regular salary for time over 40 hours worked in a week. *Id*. From December 3, 2009, to April 2010, Monarch paid McLaughlin $34.00 per hour for time worked up to 40 hours in a week, and $35.00 per hour for the remainder of her employment. *Id*. at 2. Monarch asserts that from December 3, 2009, to February 9, 2012, McLaughlin worked more than 40 hours in a week 42 times and was paid for her overtime work at a rate of one and half times her regular wage for each overtime hour. *Id*. at 3. Specifically,

Monarch paid McLaughlin overtime pay in the amounts of $753.58 in 2009, $4,108.01 in 2010, $1,945.66 in 2011, and $378.00 in 2012. *Id*. at 4. Monarch avers that "[n]one of the edits made to McLaughlin's time from December 1, 2009 until the end of her employment . . . ever reduced the amount of time she worked or deleted time that she had entered." *Id*. at 6.

On December 3, 2012, McLaughlin filed this suit and thereafter amended her complaint. McLaughlin sued Monarch in both her individual capacity and as a representative of all others similarly situated. *See* Complaint. On October 15, 2013, McLaughlin filed a motion for conditional class certification. That motion is the subject of a separate order entered today.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).[1] A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v.*

---

[1] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in her favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response

to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

## B. FLSA Claims

On April 1, 2014, Judge Jorge A. Solis of this court granted a motion for summary judgment in a case similar to the instant case. See *Carmichael v. Monarch Dental Corporation, et al.*, No. 3:12-CV-0706-P, 2014 WL 1622709 (N.D. Tex. Mar. 31, 2014) (Solis, J.). In *Carmichael*, the plaintiff, a licensed dental hygienist, also sued Monarch Dental Corporation, Smile Brands Southwest, Inc., and Modern Dental Professionals-Dallas/Ft. Worth, P.C., under the FLSA and Texas Labor Code Chapter 61 for unpaid compensation. *See* Plaintiff's Original Complaint ("Carmichael Complaint") (docket entry 1, 3:12-CV-0706-P). As in *Carmichael*, McLaughlin characterizes her claims under the FLSA as (1) "misclassified as exempt employee," (2) "unpaid overtime compensation under the FLSA,"(3) "failure to compensate for 'off-the-clock' work."[2] *See generally* Complaint; *see also* Carmichael Complaint. This court construes McLaughlin's first two claims as a claim under the FLSA for unpaid overtime compensation, and the third claim as a gap time claim. See *Carmichael*, 2014 WL 1622709, at *2.

---

[2] As in *Carmichael*, McLaughlin asserts a claim under Texas Labor Code Chapter 61. *See* Complaint at 11; *see also* Carmichael Complaint at 10-11. The court dismisses this claim as Texas Labor Code Chapter 61 does not allow a private cause of action. See *id*; see also *Ihegword v. Harris County Hospital District*, 929 F.Supp.2d 635, 668-69 (S.D. Tex. 2013), *aff'd*, 555 Fed. Appx. 372 (5th Cir. 2014).

Under the FLSA, an employer must pay overtime to non-exempt employees who work more than 40 hours in a week.[3] 29 U.S.C. § 207(a)(1). Overtime is calculated by multiplying the hours worked by the employee over 40 with "a rate not less than one and one-half times the regular rate at which he is employed." *Id.* The "regular rate" is the hourly rate an employee receives "[i]f the employee is employed solely on the basis of a single hourly rate." 29 C.F.R. § 778.110(a). The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. The maximum hours to be used in this calculation is 40 hours. 29 U.S.C. § 207(a)(1).

To succeed on a claim for unpaid overtime compensation under the FLSA, an employee must first demonstrate by a preponderance of the evidence "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR)*, No. 13-40824, __ F.3d __, 2014 WL 3408250, *2 (5th Cir. July 14, 2014). Once the employee establishes a *prima facie* case, the burden shifts to the employer to

---

[3] Exempt from the FLSA are individuals "employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1).

present "evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. (citations omitted).

McLaughlin has failed to make a *prima facie* case because she provides only offers conclusory evidence that Monarch violated the FLSA's overtime wage requirements and has not presented sufficient evidence of an amount of unpaid overtime compensation due. Even if the court assumes *arguendo* that McLaughlin has made a *prima facie* case, Monarch has provided detailed evidence of McLaughlin's time sheets and satisfactorily explained any edits. To rebut this evidence, McLaughlin declared Monarch's motion for summary judgment premature and requested additional time for discovery. Brief in Support of Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment ("Response") at 7 (docket entry 38).

Monarch was required to pay McLaughlin the statutory minimum wage of $7.25 per hour. 29 U.S.C. § 206. McLaughlin has provided no evidence that she was paid below that minimum wage. In her response to Monarch's motion, McLaughlin contends for the first time that Monarch failed to add "compensation earned through non-discretionary bonuses to the hourly rate."[4] Response at 8.

---

[4] All bonus payments must be included in the regular rate for purposes of computing overtime unless they can be characterized as discretionary. *See* 29 C.F.R. § 778.211.

However, McLaughlin has provided nothing more than conclusory assertions about bonuses and thus does not establish a claim under the FLSA.

### III.  CONCLUSION

For the reasons stated, Monarch's motion for summary judgment is **GRANTED**.  Judgment will be entered for the defendants.

**SO ORDERED**.

August 4, 2014.

_____
**A. JOE FISH**
**Senior United States District Judge**